UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Reginald Gibson,** ) | **CASE NO. 1: 15 CV 1375** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **Gary Mohr,** *et al.*, ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## Introduction and Background

*Pro se* plaintiff Reginald Gibson, a state prisoner confined in the Lake Erie Correctional Institution, has filed this *in forma pauperis* civil rights action pursuant to 42 U.S.C. §1983 against the Director of the Ohio Department of Rehabilitation and Corrections Gary Mohr; Warden Brigham Sloan; "Institutional Inspector" Jeffery Fisher; and nine prison employees: Finance Administrator Linda Obeshaw; Finance Department employees Linda Snyder and Elaine Waller; Librarian Denise McManus; Library Aid Ms. Stickel; Case Manager Charles Bender; Unit Manager Jesse Harsin; Head of Education/Instructor Norman Thiel; and Mail-Room Supervisor Mitchell Simms.

The basis for the plaintiff's complaint is that Defendants Fisher, Obeshaw, Snyder, Waller, McManus, Bender, Harsin, Thiel, Sims, and Stickel refused to send his outgoing legal mail to the courts and refused to copy legal materials for him when he had insufficient funds in his prisoner account to cover the costs. He was allegedly told that the prison has a policy prohibiting putting an inmate in debt. (Complt., Doc. No. 1 at ¶¶ 14-17.) The plaintiff also alleges Defendants Snyder and Waller refused to give authorization to the mail room to send his

outgoing legal mail to the courts and to the library to make copies of legal materials for him, and that "Institutional Inspector" Fisher never investigated the facts of an informal complaint the plaintiff submitted and "misrepresented the facts" in finding no violation of any law or policies.  (*Id*., ¶¶19, 21-22.)

The plaintiff alleges all of the defendants violated his constitutional right of access to the courts by (1) refusing to send his legal mail to the courts; (2) refusing to copy/print his legal documents, and (3) delaying sending his legal mail.  (*Id*. ¶24.)  He seeks injunctive relief restraining the defendants from "depriving [him] of access to the courts" and compensatory and punitive damages.  (*Id*., ¶28.)

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), 28 U.S.C. § 1915(e)(2)(B) requires a federal district court to screen and dismiss before service any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Similarly, a district court must dismiss as soon as practicable after docketing any civil action brought by a prisoner against a governmental entity or officer or employee of a governmental entity that fails to state a claim.  *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).  In order to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face.  *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A)).

Upon review, the Court finds the plaintiff's complaint must be dismissed for failure to state a plausible claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Although prisoners have a right under the First Amendment of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 821–24 (1977), this right is not unlimited.  *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).  The constitutional right does not extend to every legal action or claim a prisoner wishes to pursue.  *Lewis*, 518 U.S. at 355.  Rather, "a prison's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement."  *Courtemanche v. Gregels*, 79 Fed. App'x 115, 117 (6th Cir. 2003), citing *Lewis*, 518 U.S. at 355.  "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."  *Lewis*, 518 U.S. at 355.

Additionally, in order to state a claim for the denial of the right of access to the courts, a prisoner must show that he suffered "an actual injury to existing or contemplated litigation which raises nonfrivolous claims."  *Courtemanche*, 79 Fed. App'x at 117.  That is, a prisoner must allege "specific facts showing that he suffered prejudice" to a non-frivolous direct appeal, habeas corpus application, or civil rights action challenging the conditions of his confinement. *See McCurtis v. Wood*, 76 Fed. App'x 632, 634 (6th Cir. 2003) (affirming dismissal of a prisoner's access to the court claim where the prisoner failed "to allege the exact nature of his frustrated claims, whether he actually had pending cases which were dismissed, or why he was unable to proceed on [the] alleged claims").

The plaintiff's complaint in this case must be dismissed because it does not allege facts

suggesting the defendants' alleged conduct prevented the plaintiff from filing or pursuing any non-frivolous claim on direct appeal, or in a habeas corpus application or civil rights action. Thus, the plaintiff has failed to allege he suffered an "actual injury" as required to allege a cognizable access to the courts claim.

The plaintiff asserts in a paragraph of an "Exhibit Reference Sheet" attached to his complaint that the Ohio Supreme Court rejected as untimely a reply brief he filed in *State of Ohio ex rel. Reginald Gibson v. Honorable Taryn L. Heath*, Case No. 2015-0271, because "Ms. McManus refused to copy" his reply brief. (*See* Doc. No. 1-3 at ¶A.) However, even if this assertion is accepted as true, it is insufficient to support a plausible access to the court claim against Ms. McManus because the plaintiff does not allege any facts suggesting he raised a non-frivolous underlying claim in the referenced case. Indeed, the Ohio Supreme Court's public docket indicates the plaintiff filed a complaint for a writ of procedendo in that matter seeking an order requiring a state court judge to rule on a successive motion for post-conviction relief on which the judge had already ruled. Nothing in the public docket indicates the plaintiff raised the kind of non-frivolous underlying legal claim that could support a cognizable access to the courts claim.

In sum, the plaintiff has failed to allege a cognizable access to the courts claim against any defendant in the case because he has not alleged facts sufficient to demonstrate he suffered actual injury to existing or contemplated litigation which raises non-frivolous claims. The plaintiff's complaint fails to state a claim on which relief may be granted against ODRC Director Mohr and Warden Sloan for the additional reason that the plaintiff has not alleged facts indicating these defendants themselves engaged in any wrongful conduct, and it is well-

established that liability cannot be imposed on supervisory employees under 42 U.S.C. §1983 solely on the basis of *respondeat superior. See, e.g., Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.").

## Conclusion

For all of the reasons stated above, the plaintiff's complaint fails to state a plausible claim and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/16/15